MARY A. PHŒBE v. EPHRAIM BLACK and others.

*Parties -- Appearance -- Trustee and Cestui que Trust.*

1. No one can prosecute or defend an action except in person or by an attorney authorized by some writing.

2. But a *cestui que trust* in prosecuting an action for his equitable property is entitled to make his trustee a party and avail himself of the legal estate in such trustee.

3. If such trustee voluntarily makes himself a party plaintiff to sustain some interest of his own, no one can represent him without authority in writing and he must give a prosecution bond. If however he is made a party plaintiff by his *cestui que trust*, without his consent, no authority from him to prosecute is necessary and no prosecution bond can be required of him.

4. A Court has no power to permit a *cestui que trust* to make his trustee a party plaintiff without his consent, except *upon notice to him* and an adjudication that he is a trustee.

CIVIL ACTION, tried at Fall Term, 1876, of LINCOLN Superior Court, before *Schenck, J.*

The plaintiff brought this action to recover a tract of land which had belonged to one Marcus Harvy. James J. Sample the agent of said Harvy conveyed the same by deed to John B. Harvy, the grantor of the plaintiff.

The decision made in this Court however is based upon an amendment made to the proceedings in the Court below and a motion to dismiss the suit as to Marcus Harvy—a non-resident of said County—under the facts and circumstances set out in the opinion delivered by Mr. Justice RODMAN. His Honor ruled for the defendants and the plaintiff appealed.

*Mr. J. F. Hoke,* for plaintiff.
*Messrs. Montgomery & Cobb* and *Shipp & Bailey,* for defendant.

RODMAN, J.  This action is to recover land.  The plain-
tiff having given as surety to her prosecution bond one who
was held insufficient was allowed upon affidavit of her pov-
erty, &c. to continue her action without further surety and
as a pauper.  At Spring Term, 1876, she made oath that the
land in controversy had belonged to Marcus Harvy whose
Attorney, one Sample, had undertaken to convey it to John
B. Harvy (from whom she bought) but from ignorance or
mistake had made and signed the deed of conveyance in his
own name instead of in that of his principal who neverthe-
less received the money and thus was a trustee for her.  She
thereupon moved to amend her complaint by making Mar-
cus Harvy a plaintiff to her use.  This the Judge allowed
and the amendment was made.  The defendants then claim-
ed that plaintiff's counsel had no right to represent said
Harvy without a power of attorney from him which it was
admitted they did not have.  The defendants also moved to
dismiss the action of Harvy for want of a prosecution bond
there being no proof of his poverty.

The Judge was of opinion with the defendants on both
motions and dismissed the action of Harvy, leaving it to
stand in the name of Phœbe as plaintiff.  As the principles
which apply to both motions are substantially the same we
may conveniently consider them together.

The general rule is not disputed.  No one can prosecute
or defend an action except in person or by an Attorney au-
thorized by some writing

A *cestui que trust* may however prosecute an action in the
name of his trustee as plaintiff if it be necessary to do so.
For example; under the law before the Code, the assignee
(as distinct from the endorsee) of a bond or note was com-
pelled to bring his action at law in the name of the payee.
But if the trust was admitted by the payee or had been de-
termined by a Court of Equity, no power of attorney from

such nominal plaintiff could be required; nor any prosecution bond, that given by the *cestui que trust* standing in its place. Under the present law every *cestui que trust* in prosecuting an action for his equitable property is entitled to make his trustee a party and to avail himself of the legal estate in such trustee. In general it would not be material whether such trustee were a plaintiff or defendant. But if there be any case in which it is material that he should be a plaintiff (as perhaps there may be where there is an express trust) the Court on proof of the trust can compel him to allow his name to be used as such upon his receiving a bond of indemnity from costs from his *cestui que trust*. The distinction is this; if a trustee voluntarily makes himself a plaintiff to sustain some interest of his own no one can represent him without authority in writing and he must give a prosecution bond. If one claiming to be a *cestui que trust* makes a supposed trustee a party without his consent which can only be done by order of Court and after due notice to him and opportunity of defence to the motion, in such case no power of attorney to prosecute and no prosecution bond can be required. The reason is obvious.

A Court may dismiss an action unless it appears that the Attorney has authority to bring it, or for want of a prosecution bond. But no Court can compel a man *specifically* to give a power of Attorney or a prosecution bond. And where the trustee is a naked trustee, without interest, to dismiss his action for want of one or the other, is to refuse a remedy to the *cestui que trust* who is the only plaintiff in interest.

To apply these principles to the present action. Harvy if a trustee at all was a naked trustee, and the Judge had no power to allow the plaintiff I hœbe to make him a plaintiff either in her stead or with her, without his consent and *without notice to him* and an adjudication that he was a trustee which, however, supposing he had been duly served with

process and notice, might be made at any convenient stage of the case.

Evidently his rights might be prejudiced by an adjudication that he was a trustee in his absence. The plaintiff Phœbe, however, could attain all she desired by bringing in Harvy as a defendant, by service of process by publication or otherwise according to the circumstances. If on being so brought in, he admitted the trust, or if it were adjudicated against him, his name could be inserted in the complaint as plaintiff along with that of Phœbe, if from any reason that was thought necessary or convenient. In such case no power of attorney to *prosecute the action* could be required from him and no prosecution bond. The permission granted to Phœbe to sue as a pauper would extend to a trustee for her, brought in without his consent although he was not a pauper.

We think therefore the Judge was right in dismissing the action as to Harvy ; but the plaintiff may still bring him in by process and if he admits the trust, he may then be made a plaintiff if necessary ; or if he denies it, she may litigate that question with him, and then try the issue of title with the defendants.

The judgment is affirmed. and the case remanded to be proceeded in according to law. Let this opinion be certified.

PER CURIAM.                                        Judgment affirmed.